.McKinney, J.
delivered the opinion of the court.
The defendant was convicted of an assault and battery by the verdict of a jury; but the court refused to render judgment upon the verdict, and discharged the defendant upon the ground that she was only about twelve years of age, being of opinion that a minor, under the age of fourteen was not subject to criminal punishment for misdemeanors, although possessed of sufficient capacity to distinguish between good and evil. In this, it is insisted by the Attorney General, there is error.
There is some confusion and apparent conflict in the books in respect to the liability of an infant to criminal punishment for misdemeanors under the age of twenty-one. And so far as our examination has extended, no very definite or uniform rule seems to have been established. In regard to felonies, it is otherwise. All the authorities concur, that under the age of seven years an infant cannot be punished for any felony committed by him; for the law presumes that in such case a felonious discretion cannot exist, and against this presumption no averment shall be admitted. 1 Hale P., C. 27, 28, 4 Bl. Com. 23. But, on attaining the age of fourteen, the criminal acts of infants are subject to the same construction and punishment as are uthose of persons of full age, being then presumed to be dolí capaces, and capable of distinguishing between *176 right and wrong. In the interval between the ages of seven and fourteen years, they are deemed, prima facie, doli incapaces, and incapable of contracting guilt. If, however, it clearly appear that they were doli capaces, and could discriminate between good and evil, they may be convicted and punished. The maxim in such cases is, malitia supplel cetatem; but the evidence of malice which is to supply age, must be clear beyond all contradiction. Such are the well established principles in regard to infants charged with the commission of felonies. In treating of the capacity of infants to commit crimes, Blackstone, 4 Com. 22, says : “ The law of England does, in some cases, privilege an infant under the age of twenty-one, as to common misdemeanors, so as to escape fine, imprisonment, and the like ; and particularly in cases of omission, as not repairing a bridge, or a highway, and other similar offences; for not having the command of his fortune till twenty-one, he wants the capacity to do those things which the law requires. But, where there is any notorious breach of the peace, a riot, battery, or the like, (which infants, when full grown, are at least as liable as others to commit,) for these an infant above the age of fourteen, is equally liable to suffer as a person of the full age of twenty-one.” This authority, however, does not assert — nor do any of the authorities to which we have had access — that an infant under the age of fourteen, if possessed of sufficient capacity to discern good from evil, may not be punished in such cases; and we apprehend the author did not intend to be so understood. The position laid down, as far as it goes, is unquestionably correct, that infants above the age of fourteen are equally as liable as persons of full age to conviction and punishment in cases of misdemeanors involving violence and breaches *177 of the peace; and so in cates of felony. But, this authority does not establish the conclusion attempted to be deduced from it, that, under the age of fourteen, an infant, regardless of his capacity to commit crime, shall be exempt from punishment. It would seem grossly absurd to hold that an infant under the age of fourteen, if possessed of sufficient capacity, may be convicted and punished, even with death, but that in cases of breach of the peace, or violent injuries to the person of another, he shall be permitted to escape, though possessed of like capacity. Such distinction is inconsistent with reason; it is also in opposition to an admitted axiom of the law, that the Higher the grade of the offence, the stronger should be the proof, not merely of the corpus delicti, but also of the capacity of the offender; and it is no less opposed to one of the chief ends of criminal jurisprudence, the preservation of the public peace and security of the persons of the citizens. In Dane’s Abr. vol. 6, 038, it is laid down, in accordance with what we understand to be the law, that, “ for a breach of the peace, a riot, battery, &c., a minor above fourteen years may be punished ; under seven years of age an infant cannot be guilty; but between seven and fourteen years of age, the capacity only is regarded; hence, one eight years of age may be guilty, and punished.” See also Roscoe’s Or. Ev., 872.
The proof in this record shows, that the defendant had sufficient capacity to commit crimeand that the battery was prompted by malice and revenge, and committed upon an infant incapable of self-defence ; and, being of opinion that the conviction was proper, we hold that the Circuit Court erred in refusing to pronounce judgment and in discharging the defendant. The judgment will, therefore, be reversed, and judgment will be here rendered upon the verdict.